76142. PARTEN v. GENERAL MOTORS ACCEPTANCE CORPORATION.
(370 SE2d 778)

McMURRAY, Presiding Judge.

Plaintiff General Motors Acceptance Corporation is the assignee of a retail installment contract arising from the purchase of an automobile by defendant Parten. The sum owed by defendant to plaintiff was refinanced several times. Following defendant's default under the final refinancing agreement plaintiff filed its petition for writ of possession directed to the automobile in which plaintiff held a security interest. Defendant appeals the superior court's award of summary judgment in favor of plaintiff and the issue of a writ of possession. *Held*:

While plaintiff's original petition is predicated upon the original retail installment contract assigned to plaintiff, after amendment of its petition plaintiff's claim is also predicated on refinancing contracts. Plaintiff's amended petition averred that the amount still owed is a payment of $6,069.22 which was due on December 7, 1985, under the last refinancing agreement. Thus, to the extent that defendant contends that plaintiff's action is predicated upon, only the original installment contract and the proposition that the original installment contract has been superseded by a novation, defendant's position is without merit. In this connection we note that the record contains the several contracts between the parties as well as evidence that defendant never made the final payment of $6,069.22.

The last refinancing agreement is dated January 7, 1985, prior to the effective date of the new subsection (d) added to OCGA § 10-1-33

in 1985 which abolishes interest limit for motor vehicle installment sales contracts in excess of $5,000. The new subsection (d) is not to be applied retroactively, thus is inapplicable to the case sub judice. *Southern Guaranty Corp. v. Doyle*, 256 Ga. 790 (353 SE2d 510).

Defendant contends that he was charged usurious interest in that his contracts with plaintiff provided for finance charges in excess of those permitted under OCGA § 10-1-33 (a). The interest rates allowed under OCGA § 10-1-33 (a) are add-on interest rates which when converted to annual percentage rates vary depending upon the duration of the payments. See *In re McMichen*, 23 B.R. 497, 498.

We have examined the calculations submitted in evidence by the parties and have concluded that defendant's figures fail to reflect that, due to the unequal and irregular nature of the payment schedule in the contracts at issue, this is a transaction to which OCGA § 10-1-33 (c) is applicable. Also, we note that OCGA § 10-1-35 provides that, in connection with the refinancing, plaintiff was allowed to reclassify the automobile by its then model year in order to determine the maximum allowable rate of finance charges as specified under OCGA § 10-1-33 (a). Finally, we have independently reviewed each of the contracts between the parties and determined that in each contract the finance charges are within the legal limits. See generally 30 Mercer Law Review 281.

Defendant's remaining arguments predicated upon the departure of our nation's monetary system from the "gold standard" and the suggested lack of value of federal reserve notes are without merit.

Plaintiff's motion for sanctions for frivolous appeal pursuant to OCGA § 5-6-6 is denied.

*Judgment affirmed. Pope and Benham, JJ., concur.*

DECIDED JUNE 1, 1988 —
REHEARING DENIED JUNE 14, 1988 — 

*J. Laddie Boatright*, for appellant.
*Nolan C. Leake, Sylvia M. King, Lynn Kelley*, for appellee.